53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Tilman SIMPKINS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 94-2359.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1995.
Decided May 10, 1995.
 
 Roger D. Forman, FORMAN & CRANE, L.C., Charleston, WV, for Petitioner. Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Christian P. Barber, Counsel for Appellate Litigation, Jeffrey S. Goldberg, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, DC, for Respondent.
 Before ERVIN, Chief Judge, HAMILTON, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tilman Simpkins was awarded benefits under the Black Lung Benefits Act. The Administrative Law Judge (ALJ) granted the petition for attorney's fees to Simpkins's counsel, Roger D. Forman. Forman computed his fees based on an hourly rate of $250. The ALJ denied the motion for reconsideration filed by the Director, Office of Workers' Compensation Programs (the Director). The Director appealed to the Benefits Review Board (the Board), arguing that the hourly rates were unreasonable. The Board vacated the decision as to the hourly rates and remanded the case to the ALJ with instructions to consider the factors set forth in 20 C.F.R. Sec. 725.366 (1994), with further instructions not to consider delay and risk-of-loss factors.
 
 
 2
 The ALJ reinstated his award at the $250 rate. On appeal by the Director, the Board concluded that the ALJ improperly allowed an enhanced hourly rate based on risk of loss associated with the overall representation of black lung clients. The Board modified the award to reflect a $125 per hour fee.* Simpkins appeals.
 
 
 3
 This Court has prohibited the use of contingency multipliers to compensate attorneys for the risk of loss in claims arising under the Black Lung Benefits Act. Broyles v. Director, Office of Workers' Compensation Programs, 974 F.2d 508, 509 (4th Cir.1992). As we expressly rejected the increase of hourly rates based on the risk of loss, the ALJ erred in its assessment. The Board correctly modified the ALJ's award, and the Board's decision is accordingly affirmed.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Board awarded Forman $3,415.50. This total included $2,312.50 for 18.5 hours of legal services at an hourly rate of $125, $225 for three hours of paralegal services at an hourly rate of $75, and $878 in expenses